IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JAMES MICHAEL MCGILL,**

        **Petitioner,**

v.                                                                      **Case No. 5:05-cv-46**
                                                                               **(Judge Stamp)**

**EDWARD F. REILLY, JR., Chairman,**
United States Parole Commission; and
**KENNETH WALKER, Examiner, United**
States Parole Commission,

        **Respondents.**


## OPINION/REPORT AND RECOMMENDATION

On April 5, 2005, the *pro se* petitioner, James Michael McGill, filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. The petitioner is an inmate at the Gilmer Federal Correctional Institution in Glenville, West Virginia. In the petition, the petitioner challenges the constitutionality of a parole hearing held on September 7, 2004, and the Parole Commission's ["the Commission"] calculation of his full term date. On July 26, 2005, the respondents filed a response to the petition seeking the dismissal of this case. Petitioner filed a reply to the respondents' response on August 3, 2005.

This matter, before me for a Report and Recommendation pursuant to LR PL P 83.09, et seq., is ripe for review.

### I. Factual and Procedural History

On March 18, 1985, petitioner was convicted of one count of Burglary I and two counts of Burglary II in the Superior Court of the District of Columbia. Petitioner received a total term

of imprisonment of four and one-half to 20 years.

Petitioner was first paroled on September 20, 1988, and was to remain on supervision until April 4, 2004. However, while on parole, petitioner was arrested for burglary and attempted unlawful entry. Consequently, petitioners' parole was revoked on October 1, 1990. After the service of some additional prison time, petitioner was reparoled on December 8, 1992. At that time, petitioner was to remain under supervision until September 27, 2004.

On June 2, 1993, petitioner was arrested by the State of Maryland and charged with robbery. Petitioner received an eight year suspended sentence and three-years probation. As a result, the D.C. Parole Board issued a violator warrant and conducted a parole revocation hearing. The D.C. Board revoked petitioners' parole based on his Maryland criminal violation. After serving some time in prison, petitioner was reparoled on October 24, 1995.

On July 15, 1996, petitioner was arrested again and charged with Burglary II. Upon his arrest, petitioner also tested positive for narcotics. Petitioner was re-arrested on July 24, 1996, and charged with robbery (force and violence). Petitioners' parole was once again revoked. Petitioner was later convicted in D.C. Superior Court of threats, simple assault, and theft II. Petitioner received an aggregate sentence of 15 months. While serving time on these charges, the D.C. Department of Corrections recalculated petitioners' sentence in light of a recent court decision clarifying the forfeiture of "street time." Accordingly, when petitioner was reparoled on November 30, 1998, he was to remain on supervision until September 27, 2012.

Petitioner was arrested for theft on three separate occasions after that: May 6, 1999; June 16, 1999; and, June 20, 1999. Petitioner also tested positive for drugs during this time. Therefore, the D.C. Parole Board issued a violator warrant and conducted a parole revocation

2

hearing on May 2, 2000. Petitioners' parole was again revoked. The Commission held a reconsideration hearing on June 13, 2001.[1] The Commission determined that petitioner's guideline range was 16-22 months, but continued petitioner to a presumptive parole of July 14, 2002, after the service of 28 months. The Commission found that a sentence above the guidelines was warranted because petitioner was a more serious risk than indicated by the guidelines due to his recidivism and escalation to more violent offenses. After the service of 28 months, petitioner was reparoled on July 14, 2002 and was to remain under parole supervision until January 19, 2014.

On October 3, 2002, petitioner was arrested and charged with malicious destruction of property, theft, and burglary in the State of Maryland. Petitioner received a three-year term of imprisonment for burglary in the fourth degree and 18 months for theft under $500. Petitioners' 18 month sentence was suspended. As a result of the new conviction, the Commission issued a violator warrant and petitioner was arrested on May 24, 2004. Petitioner received a parole revocation hearing on September 7, 2004.

Petitioner was represented by counsel during his September 7th hearing. Petitioner admitted to the violation charges. The hearing examiner determined that petitioner's guideline range was 60-72 months and noted that petitioner had already been in custody for a period of 23 months. Although petitioners' counsel argued for mitigation, the hearing examiner determined that petitioner should be sentenced to the high end of the guideline range because of his prior history, including a violent offense, and petitioner's drug problems. Therefore, the hearing

---

[1] On August 5, 1998, the United States Parole Commission assumed responsibility for parole release decisions formerly made by the D.C. Parole Board. See D.C. Code § 24-131(a)(1).

3

examiner recommended petitioner serve 72 months for the parole violation. The hearing examiner gave petitioner credit for the 23 months already spent in incarceration, resulting in reparole after a period of 49 months. The decision of the hearing examiner was accepted by the Commission and the Commission issued a Notice of Action on October 1, 2004. The Notice of Action advised petitioner that his parole had been revoked, that none of the time spent on parole would be credited to his sentence, and that petitioner was continued to a presumptive parole date of October 2, 2008. Petitioner is scheduled for a review hearing in September of 2006 and his full term release date is now December 2, 2015.

## II. Claims of Petition

With regard to his September 7, 2004 hearing, and the resulting Notice of Action by the Commission, Petitioner asserts the following grounds for relief:

(1) he was not afforded a fair hearing;

(2) the Commission's decision was too harsh; and

(3) the Commission erred in computing his full term release date.

## III. Standard of Review

Judicial review of a decision by the Parole Commission is limited. See Brown v. Lundgren, 528 F.2d 1054 (5th Cir. 1976); Billiteri v. United State Board of Parole, 541 F.2d 938 (2d Cir. 1976). "So long as there are no violations of any required due process protections and Commission has acted within its authority, [the District Court] will not usurp the Commission's position as established in the statutory scheme enacted by Congress." Stroud v. United States Parole Commission, 668 F.2d 843, 846 (5th Cir. 1982). The District Court may review an action of the Parole Commission to determine whether the decision of the Commission is

arbitrary and capricious or an abuse of discretion. Dye v. United States Parole Commission, 558 F.2d 1376, 1378 (10th Cir. 1977). An action of the Commission is arbitrary and capricious, or an abuse of discretion, when it is irrational, based upon impermissible considerations, or when it fails to comply with the Commission's own rules and regulations. Zannino v. Arnold, 531 F.2d 687, 690-691 (3d Cir. 1976).

## IV. Analysis

On August 5, 1998, the Commission obtained jurisdiction of D.C. Code offenders to grant and deny parole through the National Capital Revitalization and Self-Government Improvement Act of 1997, Pub. L. No. 105-33, §11231(a)(1), 111 Stat. 712, 745, D.C. Code § 24-1231(a) ("Revitalization Act."). See also Franklin v. District of Columbia, 163 F.3d 625, 632 (D.C.Cir.1998). Effective August 5, 2000, the Commission was given the responsibility of supervising parolees and revoking parole. See § 11231(a)(2) of the Act codified at D.C. Code § 24-131(a)(2). The Revitalization Act provided that the Parole Commission was to follow the parole law and regulations of the District of Columbia, but also granted the Commission "exclusive authority to amend or supplement any regulation interpreting or implementing the parole laws of the District of Columbia with respect to felons." D.C.Code Ann. § 24-131(a)(1); Simmons v. Shearin, 295 F.Supp.2d 599, 602 (D.Md.2003).

Subsequently, the Commission established amendments and revisions to the 1987 guidelines of the D.C. Board of Parole, which had remained in effect until August 5, 1998. See 28 C.F.R. § 2.70, et. seq. On July 21, 1998, the Commission's amended version of the parole rules and guidelines were published in the Federal Register at 63 FR 39172 and are found at 28 C.F.R. § 2.70 et. seq. The Commission's decision-making guidelines are found at 28 C.F.R. §

2.80.

**A. <u>Ground One</u>**

In ground one, the petitioner asserts that he did not receive a fair hearing. Petitioner states that on September 7, 2004, he had a revocation hearing with a hearing examiner. Petitioner was represented by counsel. Petitioner alleges that his hearing was not fair because the examiner would not listen to petitioners' mitigating evidence. However, a review of petitioners' hearing shows that petitioner admitted that he violated his probation. Petitioner argued that the crimes were only misdemeanors and that they were nonviolent. Petitioner then presented his future goals and family health concerns, as mitigating evidence. Despite these arguments, the hearing examiner recommended that petitioner serve 72 months, the high end of his guideline range. Petitioner and his family made the same arguments to the Commission prior to its final decision, however, the Commission adopted the recommendation of the hearing examiner and sentenced petitioner to serve 72 months for his violation.

"[T]he revocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations." <u>Morrisey v. Brewer</u>, 408 U.S. 471, 480 (1972). With respect to the revocation hearing, "the parolee must have an opportunity to be heard and to show, if he can, that he did not violate the condition, or, if he did, that circumstances in mitigation suggest that the violation does not warrant revocation. The revocation hearing must be tendered within a reasonable time after the parolee is taken into custody." <u>Id.</u> at 488.

Here, petitioner has failed to show that he did not receive a fair hearing. Petitioner was given the opportunity to present mitigating evidence. The hearing examiner did not ignore that

6

evidence, he merely did not find that evidence persuasive. Rather, the hearing examiner found petitioners' past criminal history indicative of a poor parole diagnosis and recommended a violator term at the high end of the guidelines. The hearing examiner was well within his discretion and ground one should be dismissed.

## B. Ground Two

In ground two, petitioner argues that the sentence he received, 72 months, was too harsh. Petitioner argues that his crimes were misdemeanors, were nonviolent, and do not warrant a sentence at the high end of the guideline range. Therefore, petitioner believes that his violator term should be reduced. However, in order to make such a determination, the Court would necessarily have to make a *de novo* review of the evidence presented and "second-guess" the decision of the Commission. Therefore, in this ground, petitioner really argues that the decision of the Commission is incorrect, rather than illegal or unconstitutional. That being the case, this Court clearly lacks the authority to make such a review. See Stevens v. Quick, 678 A.2d 28, 31 (D.C. 1996) (there is no judicial review of the merits of a parole decision on petition for writ of habeas corpus). Federal habeas review is limited to "whether the petitioner has been deprived of his legal rights by the manner in which the revocation hearing was conducted." Id. Petitioner has made no such showing and this claim is not cognizable on federal habeas review.

## C. Ground Three

In ground three, petitioner argues that the Commission has improperly calculated his full term date as December 12, 2015. Although, the petitioner does not really explain why the Commission's calculation of his full term date is incorrect, it appears that petitioner is arguing that the Commission was not authorized to forfeit his street time. This claim is clearly without

7

merit.  See United States Parole Commission v. Noble, 693 A. 2d 1084 (D.C. 1997) (D.C. Code §24-406(a) requires forfeiture of parole time for a parole violator).

## V.  Recommendation

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition be DENIED and DISMISSED WITH PREJUDICE.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections.  A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge.  Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.  28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner and any counsel of record.

DATED:  March 7, 2006.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE