IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JAMES MICHAEL McGILL,

    Petitioner,

v.                                     Civil Action No. 5:05CV46
                                                (STAMP)
EDWARD F. REILLY, JR., Chairman,
United States Parole Commission,
and KENNETH WALKER, Examiner,
United States Parole Commission,

    Respondents.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Procedural History

Pro se petitioner, James Michael McGill, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In the petition, the petitioner challenges the constitutionality of a parole hearing held on September 7, 2004 and the United States Parole Commission's (the "Commission") calculation of his full term date. The respondents filed a response to the petition in which they argue that this case should be dismissed. The petitioner filed a "Brief Statement of Relief for the Writ of Habeas Corpus under 28 U.S.C.A. Section 2241" in reply.

The matter was referred to United States Magistrate Judge John S. Kaull for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.09. Magistrate Judge Kaull issued a report and recommendation recommending that

the petitioner's § 2241 application be denied and dismissed with prejudice.  The petitioner filed objections.

## II.  Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made.  As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous."  See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979).  Because the petitioner has filed objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

## III.  Discussion

The petitioner asserts three grounds for relief with regard to his September 7, 2004 parole hearing and the resulting notice of action by the Commission: (1) that he was not afforded a fair hearing; (2) that the Commission's decision was too harsh; and (3) that the Commission erred in computing his full term release date.

Judicial review of a decision by the Parole Commission is limited.  See Brown v. Lundgren, 528 F.2d 1050, 1054 (5th Cir. 1976); Billiteri v. United State Board of Parole, 541 F.2d 938, 944 (2d Cir. 1976).  "So long as there are no violations of any required due process protections and the Commission has acted

within its authority, [the district court] will not usurp the Commission's position as established in the statutory scheme enacted by Congress." Stroud v. United States Parole Commission, 668 F.2d 843, 846 (5th Cir. 1982). The district court may review an action of the Parole Commission to determine whether the decision of the Commission is arbitrary and capricious or an abuse of discretion. Dye v. United States Parole Commission, 558 F.2d 1376, 1378 (10th Cir. 1977). An action of the Commission is arbitrary and capricious or an abuse of discretion when it is irrational, based upon impermissible considerations, or when it fails to comply with the Commission's own rules and regulations. Zannino v. Arnold, 531 F.2d 687, 690-691 (3d Cir. 1976).

As to the first ground in the petitioner's application for relief, the magistrate judge found that the petitioner received a fair parole revocation hearing on September 7, 2004. This Court agrees. A parole revocation hearing "is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations." Morrisey v. Brewer, 408 U.S. 471, 480 (1972). With respect to a revocation hearing, "the parolee must have an opportunity to be heard and to show, if he can, that he did not violate the condition, or, if he did, that circumstances in mitigation suggest that the violation does not warrant revocation. The revocation hearing must be tendered within a reasonable time after the parolee is taken into

3

custody." Id. at 488. Although the petitioner argues that he was not permitted to present mitigating evidence, a review of the hearing summary reveals that the petitioner admitted to the charged violation of his conditions of release and that his attorney presented mitigating evidence on his behalf. Accordingly, the magistrate judge concluded that the petitioner was afforded all manner of process to which he was constitutionally entitled.

The petitioner objects that the Commission failed to comply with its own rules and regulations. This objection is without merit. The petitioner does not identify what rules and regulations he believes were violated, and this Court is unable to locate any such violations in the record of the hearing.

As to the second ground in the petitioner's application for relief, the magistrate judge found that the petitioner has asserted a claim that is not cognizable on federal habeas review. Specifically, the petitioner argues that his term of incarceration should be reduced because the crimes he committed while on parole were non-violent misdemeanors that do not warrant a sentence at the high end of the guideline range. Because the petitioner essentially asserts that the Commission's sentencing determination at the September 7, 2004 revocation hearing was incorrect, rather than illegal or unconstitutional, the magistrate judge appropriately found that this Court lacks the authority to make such review. See Stevens v. Quick, 678 A.2d 28, 31 (D.C. Cir.

1996) (there is no judicial review of the merits of a parole decision on petition for writ of habeas corpus). The petitioner objects to this finding by reasserting his contention that the Commission's decision was too harsh given the nature of his crimes. This objection is unavailing because federal habeas review is limited to "whether the petitioner has been deprived of his legal rights by the manner in which the revocation hearing was conducted." Id.

Finally, as to the third ground in the petitioner's application for relief, the magistrate judge found the claim to be without merit. The petitioner appears to argue that the Commission was not authorized to forfeit his "street" time. However, it is clear that the Commission does have such authority. See United States Parole Comm'n v. Noble, 693 A.2d 1084 (D.C. Cir. 1997). The petitioner does not object to this finding, and this Court believes the finding to be proper.

## IV. Conclusion

Because, after a de novo review, this Court concludes that the magistrate judge's recommendation is proper and the petitioner's objections to the report and recommendation lack merit, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation. Accordingly, it is ORDERED the petitioner's § 2241 petition be DENIED and DISMISSED WITH PREJUDICE. It is further

ORDERED that this case be DISMISSED with prejudice and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of the judgment order. Upon reviewing the notice of appeal, this Court will either issue a certificate of appealability or state why a certificate should not issue in accordance with Federal Rule of Appellate Procedure 22(b)(1). See 28 U.S.C. § 2253(c)(certificate of appealability is required in a § 2255 proceeding or in a habeas corpus proceeding in which the detention complained of arises from process issued by a State court); Madley v. United States Parole Commission, 278 F.3d 1306, 1310-11 (D.C. Cir. 2002) (requiring certificate of appealability where prisoner convicted by D.C. Superior Court challenges denial of reparole). If this Court should deny a certification, the petitioner may request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the petitioner and counsel of record herein.

Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: April 4, 2008

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE